IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| IN RE: | ) |
| | )     **Chapter 7** |
| **DAVID MALCOLM JACKSON and** | ) |
| **ALICIA GAIL JACKSON,** | ) |
| | )     **Case No. 15-70100** |
| Debtors. | ) |

___

## MEMORANDUM OPINION

The matter before the Court is the objection of the Chapter 7 Trustee, Scot S. Farthing (the "Trustee"), to an exemption claimed by the Debtors, David Malcolm Jackson and Alicia Gail Jackson (the "Debtors"). The Trustee's objection challenges the Debtors' attempt to reduce the amount of exemptions claimed on a prior recorded homestead deed and use the resulting excess exemption amount in an attempt to exempt funds held in a Wells Fargo account in the amount of $7,484.33. These funds represent the proceeds of the sale of a distribution agreement with Flowers Baking Company of West Virginia, LLC, an asset the male debtor possessed when he initially filed this case. For the reasons set forth below, the Court will sustain the Trustee's objection and disallow the challenged exemption.

## FACTUAL AND PROCEDURAL BACKGROUND

The material facts of this case are not in dispute. The Debtors originally filed a Chapter 7 bankruptcy petition in this Court on January 26, 2015. Subsequent to a motion to dismiss for abuse filed by the United States Trustee, the case was converted to one under Chapter 13 of the Bankruptcy Code on May 12, 2015. On motion of the Chapter 13 Trustee, who learned that the

distribution agreement was sold by the male debtor without court approval, the Chapter 13 case was subsequently converted back to Chapter 7 on April 19, 2018.[1]

At the outset of their initial Chapter 7 filing, on February 20, 2015, the Debtors timely filed a homestead deed in the Washington County, Virginia Circuit Court. Stipulation of Facts, ECF No. 96, at ¶ 2. This allowed the Debtors to claim the Virginia homestead exemption. Specifically, the Debtors claimed the following property exempt pursuant to the homestead exemption: (i) funds on deposit in a share account at United Southeast FCU, $1,090.00; (ii) CDs and DVDs, $200.00; (iii) jewelry - 2 chains, watch, ring, $300.00; (vi) cash surrender value of Lincoln Life Insurance policy, $1,537.00; and (v) jewelry - earrings, necklaces, watch, $2,000.00. The total exemptions claimed were $5,127.00.

On May 7, 2018, prior to the initial meeting of creditors in the current Chapter 7 case, the Debtors filed amendments to their Schedule B (property) and Schedule C (exemptions). That same day, they also filed an Amended Homestead Deed in state court, which decreased amounts on items previously exempted and removed some items they claimed as exempt on the original homestead deed. Additionally, the Debtors claimed as exempt $7,484.33 in funds held in their joint Wells Fargo bank account from the sale of the contract with Flowers Bakery, which again was owned at the time of filing their original Chapter 7 bankruptcy petition on January 26, 2015.

The Trustee argues that since the contract with Flowers Bakery was in existence at the time of the original Chapter 7 petition, the proceeds resulting from the sale of that asset are not exempt and cannot be now for the first time added to their homestead deed. As the Debtors did not timely claim the contract with Flowers Bakery as exempt under Virginia law, the Trustee maintains that the proceeds belong to the estate. Additionally, the Trustee argues that the Debtors

---

[1] The Debtors attempted to voluntarily dismiss their Chapter 13 case under 11 U.S.C. § 1307(b). ECF No. 56. However, given the prior conversion from Chapter 7, they were not eligible to do so as a matter of right.

2

only had $2,611.32 in homestead exemptions available to claim on the Wells Fargo account — thus leaving $4,873.01 ($7,484.33 - $2,611.32 = $4,873.01) available for administration in this case.

The Debtors argue that the amended homestead deed should be allowed and the funds in their joint bank account should be held as exempt upon the reconversion to Chapter 7. The Debtors assert that they have the right to file an amended homestead deed to show that assets initially claimed as exempt at the onset of the case have changed, been sold, or even destroyed. Upon the reconversion to Chapter 7, the Debtors assert that a new bankruptcy estate is created, which gives them the opportunity to make a claim of exemption from the assets that exist as of the time of the conversion. The Debtors argue that their original homestead deed filed in the original Chapter 7 is a nullity because of the effect of 11 U.S.C. § 348(f).[2] They argue that the original homestead deed was, in effect, never filed and the case was from the beginning a Chapter 13 case, which does not require the filing of a homestead deed. Additionally, the

---

[2] Section 348(f) provides as follows:

> (1) Except as provided in paragraph (2), when a case under chapter 13 of this title is converted to a case under another chapter under this title—
> (A) property of the estate in the converted case shall consist of property of the estate, as of the date of filing of the petition, that remains in the possession of or is under the control of the debtor on the date of conversion;
> (B) valuations of property and of allowed secured claims in the chapter 13 case shall apply only in a case converted to a case under chapter 11 or 12, but not in a case converted to a case under chapter 7, with allowed secured claims in cases under chapters 11 and 12 reduced to the extent that they have been paid in accordance with the chapter 13 plan; and
> (C) with respect to cases converted from chapter 13—
> (i) the claim of any creditor holding security as of the date of the filing of the petition shall continue to be secured by that security unless the full amount of such claim determined under applicable nonbankruptcy law has been paid in full as of the date of conversion, notwithstanding any valuation or determination of the amount of an allowed secured claim made for the purposes of the case under chapter 13; and
> (ii) unless a prebankruptcy default has been fully cured under the plan at the time of conversion, in any proceeding under this title or otherwise, the default shall have the effect given under applicable nonbankruptcy law.

11 U.S.C. § 348(f).

Debtors assert that the funds held in their joint bank account derive from the sale of the contract with Flowers Bakery, and pursuant to Section 348(f), the Chapter 7 estate does not include assets that have been obtained since the time of the filing of the original case.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the Western District of Virginia. The Court further concludes that this matter is a "core" bankruptcy proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A).

Pursuant to 11 U.S.C. § 541(a), a bankruptcy estate is created upon the commencement of a bankruptcy case "to be administered by the bankruptcy trustee." *In re Bunker*, 312 F.3d 145, 150 (4th Cir. 2002). Section 541(a)(1) states that, "[e]xcept as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case" become property of the estate. Therefore, the legal and equitable interests that the Debtors had in the contract became property of their bankruptcy estate on the Petition Date. Under the Bankruptcy Code, a debtor is allowed to protect certain property from the bankruptcy estate by claiming it as exempt under 11 U.S.C. § 522 in order "[t]o prevent the debtor from becoming destitute." *Sheehan v. Ash*, 889 F.3d 171, 173 (4th Cir. 2018). Pursuant to Virginia law, a "householder" is allowed to claim a wild card exemption of up to $5,000 on the assets of their choosing, also known as the homestead exemption. *See* Va. Code § 34–4. The debtor claims the exemption by timely recording a homestead deed in the proper jurisdiction within the state. *In re Conner,* 408 B.R. 88, 90 (Bankr. W.D. Va. 2009). "At least in the

bankruptcy context, both husband and wife may each qualify as a 'householder' and may therefore each claim a $5,000.00 exemption." *In re Sherman*, 191 B.R. 654, 656–57 (Bankr. E.D. Va. 1995) (citing *Cheeseman v. Nachman (In re Cheeseman)*, 656 F.2d 60 (4th Cir. 1981)).[3] "As long as the maximum amount of the lifetime aggregate limit for the exemption had not previously been taken, the Debtors would have been well within their rights to claim exemptions to the extent of their ownership interests . . . under § 34–4 of the Virginia Code." *In re Strickland*, No. 09-32718-KRH, 2010 WL 1332657, at *3 (Bankr. E.D. Va. Mar. 30, 2010). "[While a] Homestead Deed may be amended to correct descriptions or values of properties listed in the original Homestead Deed, the law is equally clear that an amendment to a Homestead Deed may not set apart additional items not included in the original Homestead Deed." *In re Pennington*, 47 B.R. 322, 326 (Bankr. E.D. Va. 1985) (citations omitted). "The sole exception to this rule is for property that the debtor did not own or have an interest in at the time the exemption was required to be asserted." *Strickland*, 2010 WL 1332657, at *4 (citing *In re Smith*, 45 B.R. 100, 109–11 (Bankr. E.D. Va. 1984)).

In this case, the Debtors do not contend that they obtained the distribution contract after the conversion of the case, or even while the case was pending in Chapter 13. The Debtors do not dispute that the contract was an asset of the estate as of the initial filing of the case as the Debtors listed the relationship with Flowers Bakery on their initial Statement of Financial Affairs filed with the petition. ECF No. 1. However, they did not seek to claim an exemption in the contract

---

[3] An individual debtor may exempt from property of the estate, and thus hold free from the claims of the trustee and most creditors, either the property specified in Section 522(d) of the Bankruptcy Code (the "federal exemptions"), or, alternatively, the exemptions allowable under state law and general non-bankruptcy federal law. 11 U.S.C. § 522(b). A state, however, may "opt out" of allowing its residents to take advantage of the federal exemptions. 11 U.S.C. § 522(b)(1). Virginia is an "opt out" state. *See* Va. Code § 34–3.1. Residents of Virginia filing bankruptcy petitions may therefore claim those exemptions allowable under state law and general non-bankruptcy federal law. *In re Massey*, 225 B.R. 887, 890 (Bankr. E.D. Va. 1998).

at any point prior to May 7, 2018, over three years after the case was initially filed. In their view, the funds in their joint bank account should be exempt because upon the reconversion to Chapter 7, they have a right to file an amended homestead deed to reflect the changes to their estate to ensure a "fresh start." In support of this argument, the Debtors point to the assertion that pursuant to Section 348(f)(1)(A) any property accumulated during their Chapter 13 case is a post-petition asset under Section 1306 and therefore not part of their estate once it is converted to Chapter 7. *In re Brown*, 375 B.R. 362, 381 (Bankr. W.D. Mich. 2007). The Debtors argue that the proceeds received from the sale of the contract with Flowers Bakery are not part of the Chapter 7 estate because this case was previously one under Chapter 13, and the provisions of 11 U.S.C. §348(f) apply, which provide that the Chapter 7 estate does not include assets that have been obtained since the time of the filing of the original case.

However, the Debtors had a property interest in the distribution contract on the Petition Date which should have been exempted prior to the sale. The distribution contract was liquidated sometime in January 2017, during the pendency of their Chapter 13 case, without prior approval of the court for the sale of this asset.[4] The proceeds were not turned over to either the Chapter 13 Trustee or the Chapter 7 Trustee, and the Debtors have offered no facts to explain why the proceeds from the sale of the distribution contract should be treated as anything other than what they are – proceeds of a pre-petition asset. The proceeds held in their joint bank account derived from a source owned by the Debtors in their original Chapter 7. They are not a post-petition asset. The Debtors are free to amend their schedules any time until the case is closed. Bankruptcy Rule 1009. However, they are precluded from timely perfecting any exemption in

---

[4] The total amount received, and what happened to the remainder of the funds, is not clear from the record. The Chapter 13 Trustee contended that the sale proceeds were as much as $85,000.00 in his motion to convert the case to Chapter 7.

6

the funds held in their joint bank account pursuant to the Virginia homestead exemption. *In re Emerson*, 129 B.R. 82, 84 (Bankr. W.D. Va. 1991), *aff'd*, 962 F.2d 6 (4th Cir. 1992). "Pursuant to Va. Code § 34-20, proceeds from the sale of exempt property, or property acquired in exchange for exempt property, retain an exempt status. . . . But § 34-20, by its title and language, applies only to instances wherein property already exempt changes its form or character." *In re Heater*, 189 B.R. 629, 633-34 (Bankr. E.D. Va. 1995). This property and the proceeds thereof were never claimed as exempt.

Had the Debtors wanted to claim a portion of the distribution contract or proceeds realized from its sale as exempt, they should have included it in the original homestead deed. The Debtors failed to do so. The "failure to comply with the Virginia homestead exemption statute precludes [a debtor] from claiming that exemption for bankruptcy purposes." *Zimmerman v. Morgan*, 689 F.2d 471, 472 (4th Cir. 1982).

"It is well established, however, that if an initial exemption claim is timely made, even in a nominal amount, it may thereafter be amended upward, to the extent the homestead exemption amount has not been exhausted, to increase the value claimed exempt." *In re Watkins*, 267 B.R. 703, 708 (Bankr. E.D. Va. 2001).[5] Here, the Debtors are attempting the converse. They are attempting to lower prior exemption amounts listed on the original recorded homestead deed and apply the excess created to assets that existed from the outset, and which were never claimed as exempt. This approach was expressly rejected in *Emerson*. In *Emerson*, the Chapter 7 trustee objected to the debtors amending their homestead deed to decrease the value of property already claimed. The debtors originally exempted two lots, Y and Z, for $4,592.50 and $4,892.50,

---

[5] *Watkins* cites to *Addison v. Reavis*, 158 B.R. 53, 56 (E.D. Va. 1993), which notes the long-standing Virginia practice of claiming only a nominal value for assets claimed exempt and of amending the exemption upwards "if and when the bankruptcy court determines that a higher value is more appropriate." *Watkins*, at 708.

respectively, along with other personal property, which exhausted their homestead exemption. The case was originally a Chapter 13 case. After conversion to Chapter 7, the debtors filed an amended homestead deed, reducing the values of lots Y and Z to $500.00 each, and adding as a new item Tract 20A, which was not on the original homestead deed. The male debtor claimed Tract 20A exempt in the amount of $4,863.00 and the female debtor claimed it exempt in the amount of $4,465.00. *Id.* at 83. Judge Anderson rejected this attempt, stating that "under Virginia law a recorded homestead deed . . . cannot be amended to decrease the value of listed property in order to add other property not previously listed, at least not if the property was owned by the debtor when the original homestead deed was filed." *Emerson*, 129 B.R. at 84. That is exactly what happened here, and the Court will follow the rationale in *Emerson*.[6]

## **CONCLUSION**

For the reasons set forth above, the Trustee's Objection will be sustained. A separate Order will be entered contemporaneously herewith.

Decided this 17th day of July, 2018.

_____
UNITED STATES BANKRUPTCY JUDGE

---

[6] *Emerson* also rejected a similar argument to that made by the Debtors here, that the initial homestead deed was moot and of no effect due to the conversion from Chapter 13 to Chapter 7. Specifically, *Emerson* stated that "[t]he fact that the debtors' [sic] converted from a Chapter 13 to a Chapter 7 proceeding also does not effect [sic] the validity of a homestead deed filed while the Chapter 13 proceeding was pending. Virginia Code § 34–17 determines when a homestead exemption must be perfected in order to claim it in a bankruptcy proceeding. It provides that when a debtor converts a case from Chapter 13 to Chapter 7, the homestead deed must be recorded on or before the fifth day after the date initially set for the Section 341 meeting of creditors held in the Chapter 7 case. Section 34–17 only sets a final date for filing; it says nothing about the validity of previously filed homestead deeds or amendments thereto." *Emerson*, 129 B.R. at 84. The Court finds nothing in Section 348(f) of the Bankruptcy Code to diminish this analysis.

8